## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| **Sherita Smith**<br>**664 Rolling Brook E Way**<br>**Northfield, Ohio 44067** | **CASE NO.:  5:14-cv-2616** |
| **Plaintiff,**<br>**v.** | **JUDGE** |
| **General Revenue Corporation**<br>**11501 Northlake Drive**<br>**Cincinnati, Ohio 45249-1643**<br><br>**and**<br><br>**JOHN AND JANE DOES 1-10**<br><br>**Defendants.** | **COMPLAINT**<br><br>**A Trial by the Maximum Number of Jurors**<br>**is hereby Demanded** |

Here comes Plaintiff Sherita Smith, (hereinafter "Plaintiff") and sets forth a *Complaint* against Defendant General Revenue Corporation (hereinafter "Defendant") and Defendant John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

### JURISDICITON

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

3.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

5.      Plaintiff, Sherita Smith (hereafter "Plaintiff"), is an adult individual whose residence is in Northfield, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and a "person" as the term is defined by 47 U.S.C. § 153(39).

6.      The Defendant, General Revenue Corporation ("General"), is a Ohio business entity with an address of 11501 Northlake Drive, Cincinnati, Ohio 45249-1643, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7.      Defendants John and Jane Does 1 - 10 are the individual collectors for the General, but whose names are unknown.  The Complaint will be amended to add their names when they are determined through discovery.

8.      General at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

9.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

10.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.     The Debt was purchased, assigned or transferred to General for collection, or General was employed by the Creditor to collect the Debt.

12.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  General Engages in Harassment and Abusive Tactics**

**FACTS**

13.     Within the last year, General contacted Plaintiff in an attempt to collect the Debt.

14.     General called Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and by using an artificial or prerecorded voice.

15.     When Plaintiff answered calls from General, she was met either with a period of silence before being connected to the next available General representative or a prerecorded messaging that stated the Plaintiff's name.

16.     During a phone conversation on or around October 16, 2014, Plaintiff demanded that General cease all communication to her cellular telephone number, work telephone number and to any family members.

17.     Despite the foregoing, General called Plaintiff's Sister-in-law, Lashaya, and requested she give them Plaintiff's social security number.

18.     General continued to call Plaintiff and her family members at an annoying and harassing rate, making up to 6 calls in a single day.

**C.  Plaintiff Suffered Actual Damages**

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

3

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
### (Violations of the Fair Debt Collections Practices Act)
### (15 U.S.C. § 1692, et seq.)

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

23.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

24.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

25.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

26.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## (Violation of the Ohio Consumer Sales Practices Act ("OCSPA"))
## (O.R.C. § 1345.01, et seq.)

28.     The Plaintiff incorporates by reference all of the above paragraphs as if fully restated herein.

29.     The Plaintiff is a "Consumer" as defined by O.R.C. § 1345.01(D).

30.     The Defendant is a "supplier" as defined by O.R.C. § 1345.01(C).

31.     At all relevant times the Defendant was engaged in a "consumer transactions" as "suppliers" as defined in O.R.C. § 1345.01(A).

32.     O.R.C. §1341.02 prohibits "suppliers" from using unfair or deceptive practices.

33.     O.R.C. §1341.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

34.     Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

35.     Defendants' debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

36.     Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants is subject to punitive damages.

37.     Defendants' acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above-cited provisions and as such Plaintiff is entitled to damages.

<u>COUNT III</u>
<u>(Invasion of Privacy by Intrusion upon Seclusion)</u>

38.    Plaintiff incorporates by reference all the above paragraphs of this complaint as if fully restated herein.

39.    The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

40.    Ohio recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Ohio state law.

41.    Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent telephone calls and by calling Plaintiff's family members and work in attempt to collect the Debt.

42.    The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

43.    The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

44.    As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

6

45.    Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants are subject to punitive damages.

## COUNT IV
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 .S.C. § 227, et seq.

46.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.    At all times mentioned herein and within the last year, Defendants called Plaintiff on her cellular telephones using an ATDS or predictive dialer and by using a prerecorded or artificial voice.

48.    In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration."  Id. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned."  Id.

49.    Defendants' telephone systems have some earmarks of a Predictive Dialer.

50.     Often when Plaintiff answered the phone, she was met with a period of silence before Defendants' telephone system would connect her to the next available representative or she was met with a prerecording message that stated the Plaintiff's name.

51.     Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

52.     Defendants continued calling Plaintiff by means of automatic telephone calls to her cellular phone after being directed to cease calling and knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

53.     The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

54.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

55.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

56.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A) against Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A)

8

against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F)(1) against Defendants;

4. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

5. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

6. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

7. Punitive damage; and

8. Such other and further relief as this Court may determine to be just and proper.

Dated: <u>December 1, 2014</u>

Respectfully submitted,

By:  <u>  /s/ *Sergei Lemberg*  </u>

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com
Attorneys for Plaintiff:
Sherita Smith

## **JURY DEMAND**

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.


    */s/ Sergei Lemberg*
Sergei Lemberg, Esq.